PK



FILED
2/26/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
FEB 15 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LaDarren Ball,<br>Plaintiff,<br><br>v.<br><br>Officer A. Keany #10156, and<br>Officer J. Lopez #15739,<br>Defendants. | Case No. 16-C-2606<br><br>Judge Charles R. Norgle |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. This action arises under the Constitution and laws of the United States for damages and declaratory relief to redress the deprivation of Plaintiff LaDarren Ball's ("Plaintiff") rights secured by the Fourth Amendment to the United States Constitution.

2. This action is against officers of the City of Chicago Police Department (collectively "Defendants"), who independently and collectively acted with deliberate, reckless, malicious, willful and wanton disregard to Plaintiff's rights to be free from unlawful entries into his residence and unreasonable seizures of his person, which is guaranteed by the Fourth Amendment.

### JURISDICTION

3. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth Amendment to the Constitution of the United States.

4. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, 1343 (a)(3)-(4), and 1367.

5. This Court has personal jurisdiction over Defendants because each Defendant is a resident of Illinois and/or is employed within Illinois.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff is a citizen of the United States. Plaintiff is currently an inmate at the Menard Correctional Center, which is located in Menard, IL. Prior to his incarceration, Plaintiff resided in Chicago.

8. On information and belief, Defendant Officer A. Keany #10156 and Defendant Officer J. Lopez #15739 is or was an officer of the City of Chicago Police Department. These Defendants are being sued in their individual and official capacity.

9. In all their actions, Defendants were acting under color of state law and pursuant to their authority as police officer of the City of Chicago.

10. The Defendants, seperately and collectively, engaged in acts and ommissions that constituted a violation of Plaintiff's rights and privileges secured to him by the United States Constitution. Their acts were carried out under color of state law and had no justification or excuse in law. They were instead gratuitous, illegal, improper, deliberate, reckless, malicious, willful and wanton, equating to an unlawful entry into Plaintiff's residence and an unreasonable seizure of Plaintiff's person.

## ACTS GIVING RISE TO THIS ACTION

11. On October 1, 2015, Plaintiff shared a residence with his girlfriend, Alicia Aiken, located at 206 North Leamington Ave., Apt. 2, Chicago, IL 60644.

12. Approximately 5 pm, Plaintiff was inside his apartment with his younger brother, Martin Caldwell Jr., when there was a knock on the door.

13. Due to Plaintiff being in the back of his apartment, seperate from the front room, Martin Jr. answered the door.

14. Before opening the door, Martin Jr. asked, "who is it?" and and immediately received a response of "Comcast cable".

15. Upon opening the door, Martin Jr. observed Defendant Keany, who was dressed in plain-clothes, standing in the hallway at the apartment's door.

16. Martin Jr. also observed Defendant Lopez standing on the stairs behind Defendant Keany.

17. Defendant Keany asked Martin Jr. if Alicia Aiken was there and Martin Jr. replied, "no", before closing the door on the Defendant.

18. Approximately the same time as Martin Jr. began to close the door on Defendants, Plaintiff was returning to the front room.

19. Plaintiff briefly observed Defendant Keany at the door and asked Martin Jr. who was he, and Martin Jr. replied, "some cable guys looking for Alicia".

20. As Plaintiff and Martin Jr. was talking, they heard the door knob to the outter apartment door being tampered with.

21. Not expecting his girlfriend to be home for at least another hour, Plaintiff snatched open his apartment's door to confront whoever was tampering with the door knob.

22. Upon the door being opened, there stood the Defendants.

3

23. Plaintiff confronted the two Defendants, asking why they were tampering with and trying to open his door.

24. Defendant Keany denied tampering with the door, He, however, identified himself and Defendant Lopez as Comcast cable employees and asked if Plaintiff wanted to try cable free for 30 days.

25. Plaintiff rejected the Defendants' offer of 30 days of free cable and attempted to close his apartment's door on them.

26. Defendants would not allow Plaintiff to close his door on them, but instead forced the door back open, causing slight damage to it.

27. In forcing the door back open, Defendants entered Plaintiff's residence and slammed him to the floor, placing him in handcuffs and subsequently transporting him to the police station.

28. Before entering Plaintiff's apartment and arresting him, neither Defendant observed Plaintiff committing a crime.

29. Not until after Plaintiff was transported to the police lock-up was he made aware that an investigative alert suspecting him of committing a murder on September 19, 2015, had been issued and was the instrument Defendants used to justify entering his apartment and arresting him.

30. Thus, Defendants entered Plaintiff's residence and arrested him absent probable cause with or without exigent circumstances, absent a warrant of any kind, absent consent and absent any other legal justification.

## COUNT I
(Unlawful Entry and Arrest)

31. Plaintiff repeats and realleges paragraphs 11-30 as if set forth herein.

33. Defendants knew or should have know that an investigative alert does not authorize them to make arrests, especially when it requires crossing the threshold of a person's residence to do so.

34. Defendants knew or should have known that Plaintiff was not giving them consent to enter his apartment when he attempted to close his door and they prohibited him from do so, causing slight damage to the door in the process.

35. Defendants knew or should have known that even if they had probable cause to arrest Plaintiff for the murder which occurred on September 19, 2015, the Fourth Amendment prohibits them from entering Plaintiff's apartment absent consent, a warrant or exigent circumstances.

36. Yet, Defendants behaved in a manner that deliberately, maliciously, recklessly, willfully, and wantonly deprived Plaintiff of his rights to be free from unlawful entries into his residence and unreasonable seizures of his person, which is guaranteed to him by the Fourth Amendment to the U.S. Constitution.

## COUNT II
### (Arrest Without Probable Cause)

37. Plaintiff repeats and realleges paragraph 11-30 as if set forth herein.

38. Defendants knew or should have known that an investigative alert is not probable cause and does not authorize them to make arrest.

39. Defendants did not possess facts specifically known to them at the time they arrested Plaintiff to warrant them into believing Plaintiff committed or was ~~attempted to~~ committing any crime.

40. Yet, Defendants behaved in a manner that deliberately, maliciously, recklessly, willfully and wantonly deprived Plaintiff of his right to be free from unreasonable seizures of his person, which is guaranteed to him by the Fourth Amendment to the U.S. Constitution.

5

## COUNT III
(Failure to Obtain an Arrest Warrant)

41. Plaintiff repeats and realleges paragraphs 11-30 as if set forth herein.

42. Defendants knew or should have known that if they possessed probable cause to arrest Plaintiff for the murder which occurred on September 19, 2015, they had adequate time to procure an arrest warrant before going to Plaintiff's residence and unlawfully entering it to arrest him, especially since there were no intervening circumstances - such as Plaintiff's knowledge of being arrested and attempting to flee to avoid it - to hinder Defendants from presenting the probable cause issue to a judge.

43. Yet, Defendants behaved in a manner that deliberately, maliciously, recklessly, willfully, and wantonly deprived Plaintiff of his right to be free from unreasonable seizures of his person, which is guaranteed to him by the Fourth Amendment to the U.S. Constitution.

## COUNT IV
(Excessive Force)

44. Plaintiff repeats and realleges paragraphs 11-30 as if set forth herein.

45. Defendants knew or should have known that unlawfully entering Plaintiff's apartment, picking him up and slamming him on the floor as if they were WWE wrestlers was excessive, uncalled for and not part of reasonable police procedure.

46. Yet, Defendants behaved in a manner that deliberately, maliciously, recklessly, willfully, and wantonly deprived Plaintiff of his right to be free from unreasonable seizures of his person, which is guaranteed to him by the Fourth Amendment to the U.S. Constitution.

## PRAYER

Plaintiff demands the following relief:

6

a). Declaratory judgment proclaiming Defendants violated his Fourth Amendment rights;

b). Compensatory damages as determined by the trier of fact to adequately compensate for the deprivation of rights described in this Complaint;

c). Punitive damages as determined by the trier of fact to punish each Defendant and to deter future similar acts by that Defendant;

d). Nominal damages in the maximum amount as allowed by law;

e). Reasonable attorney and/or pro se fees;

f). An award of Plaintiff's cost of suit; and

g). Any other relief that the Court deems proper.

<u>PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY</u>

Respectfully submitted,

_[signature]_ #R52831

LaDarren Ball R52831
P.O. Box 1000
Menard, IL 62259
Pro Se

<u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to 28 U.S.C. § 1746, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_[signature]_ #R52831
LaDarren Ball R52831

2-6-18
Date

7

## CERTIFICATE OF SERVICE

Under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746, the undersigned certifies that he sent copies of the foregoing Motion for Leave to Amend Complaint and attached Second Amended Complaint by placing in the U.S. mail at Menard Correctional Center, proper postage prepaid, to the following recipient:

Prisoner Correspondence
U.S. District Court
Clerk's Office
219 South Dearborn St.
Chicago, IL 60604

_____  #R52831
LaDarren Ball R52831

_2-6-18_
Date